(573 P.2d 1110)
No. 48,995

ROBERT E. JENKINS, *Appellee,* v. CITY OF BONNER SPRINGS, KANSAS, a Municipal Corporation, *Appellant.*

Petition for review denied February 1, 1978.

Opinion filed December 16, 1977.

*Donald H. Corson, Jr.,* and *Thomas E. Osborn,* of Kansas City, for the appellant.

*D. Gary Hunter,* of Williamson, Cubbison, Hardy & Hunter, of Kansas City, for the appellee.

*Frank Bien,* of Topeka, was on the brief *amicus curiae,* for the League of Kansas Municipalities.

Before ABBOTT, P.J., SPENCER and PARKS, JJ.

PARKS, J.: This is an action for damages resulting from personal injuries caused by a mob. The jury awarded a $2,500 judgment in favor of the plaintiff, Robert E. Jenkins. The city appeals.

Plaintiff, in the company of his teammates (the Barristers) and their scorekeeper, Murray Rhodes, were seated in the bleachers of the Bonner Springs Junior High School watching a basketball game between the Ghetto Gang and the Five. When one of the players on the Ghetto Gang threw an opposing player into the wall, Rhodes shouted, "Get that son of a bitch off the court." A few minutes later the game was over and the offending player, Rodney McGee, and another player went over to Rhodes, threatened him and challenged him to a fight. Lynn Johnson, a Barrister player, attempted to calm things down. However, when he tapped McGee on the shoulder, McGee either pushed or hit Johnson

causing him to land on the basketball court. A number of persons in the bleachers left their seats, converged upon the floor and attacked Johnson. Robert Jenkins went to Johnson's rescue and the crowd turned on him. Jenkins was knocked down and 25 to 35 persons began hitting him, kicking him and tearing his clothes. By the time a Bonner Springs police officer, two Edwardsville reserve officers and two sheriff's patrol cars arrived, the fracas was over. Jenkins was taken to a hospital where he was X-rayed and six to eight stitches were taken to repair a cut in his mouth. Other injuries included body bruises, damaged teeth and an apparent concussion or loss of consciousness.

Whether there was a mob as contemplated by K.S.A. 12-204 is not at issue before this court.

K.S.A. 12-203, which governs this case, reads:

"A city shall be liable in damages for injuries to persons or property caused by the action of a mob within the corporate limits of the city if the city police or other proper authorities of the city have not exercised reasonable care or diligence in the prevention or suppression of such a mob. The city shall have all of the defenses in such action that are available to parties in tort actions."

Recovery under K.S.A. 12-203 requires that three things be established. First, the injury to persons or property must have been caused by the action of a mob. Second, the injury must have occurred within the corporate limits of the city. Third, it must be established that the city police, or other proper authorities of the city, did not exercise reasonable care and diligence in the prevention or suppression of such a mob. These three factors were sufficiently shown by the evidence.

The trial court was correct in identifying the controlling question as being whether the action or lack of action on the part of the city of Bonner Springs was reasonable. Defendant's counsel agree but question whether the plaintiff sustained the burden of showing that the city did not act reasonably.

Relevant evidence is evidence having any tendency in reason to prove any material fact [K.S.A. 60-401($b$)]. In the instant case, the relevant evidence included evidence which would prove or disprove the reasonableness of the city's actions under the circumstances. The plaintiff presented testimony regarding previous conduct of the Ghetto Gang team members to establish that the city was aware of their behavior and habit of creating disturbances. Such testimony was properly admitted and goes to the

question of whether the city used reasonable care and diligence under the circumstances.

The controlling statute clearly imposes liability upon the city for negligence, which necessarily encompasses the issue of foreseeability or prior notice. We hold it was proper to submit to the jury the factual issues as to whether the city exercised reasonable care and diligence in preventing or suppressing a mob. Here, the jury in its province resolved that question in favor of the plaintiff.

Another issue presented concerns the instructions to the jury. Defendant alleges that the trial court erroneously instructed the jury as to the applicable law and refused to give several of defendant's requested instructions. Read as a whole, as well as individually, the trial court properly instructed the jury as to the applicable law.

Essentially, the city has argued the issue of foreseeability in three different aspects: sufficiency of evidence, admissibility of evidence, and propriety of instructions. We conclude that under the facts and circumstances of this case, no error which would warrant disturbing the judgment has been shown.

Judgment is affirmed.